STATE *v.* COLLINS.

On the trial of an indictment for stealing a National Bank note, and a
    U. S. Treasury note, it is necessary for the jury to find specifically,
    that such Bank note, or such Treasury note was stolen.   And evidence
    that the prisoner stole one or the other of such notes, the witness be-
    ing unable to say which, will not justify a verdict of guilty.

INDICTMENT for larceny, tried before his Honor *Judge Watts,*
at Spring Term, 1875, of WAKE Superior Court.

The indictment charges the defendant with stealing " one
National Bank note of the denomination of five dollars, of the
value of five dollars," one Treasury note of the denomination
of five dollars, of the value of five dollars, &c.   Upon this in-
dictment the defendant was tried and convicted.   The Solicitor
praying judgment, the defendant was sentenced to imprison.
ment in the State Penitentiary for two years, and from that
judgment he appealed.

The material facts in the case appear in the opinion of the
court.

*Lewis,* for defendant,
*Attorney General Hargrove,* for the State.

READE, J. The defendant is charged in one count with stealing " one National Bank note, of the denomination of five dollars, one Treasury note of the denomination of five dollars." It is uncertain whether the charge should be construed to be, that he stole *both* a Treasury note, and a Bank note ; or that he stole one or the other, and *only* one. It would have been proper to charge in one count, the stealing of a Bank note *and* a Treasury note, or to charge the Bank note in one count, and the Treasury note in another count. We suppose from what appeared in evidence, that the indictment was put in this rather dubious form, to meet anticipated dubious evidence. But this cannot avail, because both the evidence and the indictment ought to be specific and certain. We have to take the indictment as charging the stealing of both a Bank note and a Treasury note, and that is sufficient. But still in order to convict, it was necessary to prove, not the stealing of one or the other not knowing which, but specifically which one.

And the witnesses said, " that they did not know whether the bill was one issued by the Treasury department, or by some one of the National banks, but it was a bill in usual circulation. No evidence as to but one bill being stolen." The jury returned a verdict of " guilty." But guilty of what ? They could not know more than the witness knew, and the witnesses did not know what ? This is not like the case of *State* v. *Williams*, 9 Ired. Rep. 140, where the defendant was indicted under the statute for stealing a slave, in several counts.; one that the taking and carrying away was by " violence," and another that it was by seduction, and others varying the *manner* of doing the thing. There it was held sufficient if the jury found that he did it in either way. But this is like the case of *Regina* v. *Bond*, 1 Bennett & Heard's Leading Crim. Cases, 553, where the defendant was indicted for stealing *coin*, but of what particular denomination, the witness did not know. And so the indictment charges him with stealing every denomination of coin used in England. The case went up to Queen's Bench and was much discussed, and all the Judges, but one,

concurred that the defendant could not be convicted.   In that case it was said that the difficulty had arisen in cases of embezzlement, and a statute had been passed to remedy it; but the statute did not embrace larceny.   It was probably in consequence of that decision, that a statute was passed, 14 & 15, Vict. Chap. 100, Sec. 18.   "In every indictment in which it shall be necessary to make any averment as to any money, or any note of the Bank of England, or of any other bank, it shall be sufficient to describe such money or bank note, simply as money, without specifying any particular coin or bank note, and such allegation, so far as regards the description of the property, shall be sustained by proof of any amount of coin, or of any bank note, although the particular species of coin of which such amount was composed, or the particular nature of the Bank note shall not be proved."   If we had a like statute here, it may be that it would facilitate the conviction of offenders.   There is error.

PER CURIAM.      *Venire de novo.*